**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DESIREE DECASTRO, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSIVE NORTHERN INSURANCE COMPANY; et al.,<br><br>Defendants. | Case No. 2:14-cv-0983-APG-VCF<br><br>**ORDER**<br><br>(Dkt. no. 14) |

**I.     BACKGROUND**

In April 2014, Plaintiff Desiree DeCastro ("Plaintiff") was involved in a traffic accident. Plaintiff was the insured of Defendant Progressive Northern Insurance Company ("Defendant"). The accident caused severe damage to her vehicle, resulting in a total loss. On April 19, 2014, Defendant offered Plaintiff a settlement amount of $4,774.32.[1]

Plaintiff alleges that Defendant failed to comply with NAC § 686A.680, the "Total Loss Regulation," because it applied a projected sold adjustment based on comparable vehicles and, further, allegedly failed to advise Plaintiff she is entitled to applicable sales taxes and other fees.

Plaintiff filed her complaint on June 18, 2014, asserting seven claims for relief: (1) negligence per se; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) violations of the deceptive trade practice act; (5) violations of Nev. Rev. Stat. ("NRS") § 686A.310; (6) unjust enrichment; and (7) fraudulent concealment. Defendant moves to dismiss the complaint on the grounds that the Nevada Division of Insurance has exclusive jurisdiction over Plaintiff's claims. (Dkt. #14.)

---

[1] Plaintiff alleges that Defendant arrived at this amount by adding the base value of $4,530.44 (less a $144.39 condition adjustment) and adding $355.27 for tax and $33.00 for fees.

## II.   DISCUSSION

### A.  Legal Standard

A complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[2] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[3]  "Factual allegations must be enough to rise above the speculative level."[4] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[5]

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. First, the court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.[6] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[7]  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[8] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[9] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled

---

[2] Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[4] *Twombly*, 550 U.S. at 555.

[5] *Iqbal*, 129 S.Ct. at 1949 (internal citation omitted).

[6] *Id.* at 1950.

[7] *Id.* at 1949.

[8] *Id.* at 1950.

[9] *Id.* at 1949.

1  to relief."[10] When the claims have not crossed the line from conceivable to plausible, the
2  complaint must be dismissed.[11]

### B. Nevada Administrative Code § 686A.680; Total Loss Regulation

Although Plaintiff stylizes her complaint as seven distinct causes of action, a review of her allegations reveals that each claim arises directly from Defendant's alleged violations of NAC § 686A.680 or the Total Loss Regulation.[12] Accordingly, as a threshold matter, I must determine whether Plaintiff may seek private enforcement of Defendant's purported violation of that regulatory requirement. I conclude she may not and, thus, I will dismiss her complaint.

The Nevada Supreme Court has expressly held that exclusive original jurisdiction is vested in the Nevada Division of Insurance ("NDOI") when "a party seeks to ensure compliance with the insurance code."[13] Plaintiff does not dispute that the NDOI has exclusive jurisdiction over compliance with the Total Loss Regulation, but rather alleges that the entirety of the insurance code is incorporated into her policy as a matter of law. Plaintiff relies upon *Ippolito v. Liberty Mut. Ins. Co.*[14] for the proposition that the failure on the part of her insurance company to comply with any portion the insurance code is a violation of her contract; thereby creating a private right of action. This argument is unavailing.

While it is true that, in *Ippolito*, the Supreme Court of Nevada held that a private right of action exists for an insured to enforce the uninsured or underinsured motorist statute, the court limited its holding to provisions of the contract (policy) that were in contravention of the statute

---

[10] *Id.* (internal quotation marks omitted).

[11] *Twombly*, 550 U.S. at 570.

[12] Motion to Dismiss at 5-6.

[13] *Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 170 P.3d 989, 994 (Nev. 2007); *see also* NRS § 686A.015 (stating that "the Commissioner has exclusive jurisdiction in regulating the subject of trade practices in the business of insurance in this state.").

[14] 705 P.2d 134, 136 (1985).

or public policy.[15] Plaintiff construes that holding as a wholesale incorporation of the insurance statute and laws into her policy—a misreading of the breadth of the *Ippolito* holding. Moreover, the Supreme Court of Nevada recently noted that its holding in *Ippolito* stands for the proposition that the "court will read coverage *mandated by statute* into Nevada motor vehicle insurance policies."[16] Plaintiff does not argue that her policy contains a provision in contravention of a specific statutory requirement and, as such, the holding of *Ippolito* is inapplicable. Because all of Plaintiff's allegations relate to Defendant's alleged violation of the Total Loss Regulation, any claim of wrongdoing on the part of Defendant would fall under the original jurisdiction of the NDOI.[17]

In light of the foregoing, I conclude that Plaintiff's failure to pursue her claims with the Nevada Division of Insurance renders her claims unripe and therefore nonjusticiable.

IT IS HEREBY ORDERED that Defendant's motion to dismiss (Dkt. No. 14) is GRANTED.  Plaintiff's claims are dismissed without prejudice

DATED THIS 13th day of April 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[15] *See Baldonado v. Wynn Las Vegas*, LLC, 194 P.3d 96, 104 n. 32 (Nev. 2008) (re-affirming the holding in *Thorpe* that the exclusive jurisdiction of the Insurance Commissioner precludes a private cause of action).

[16] *Wingco v. Gov't Emps. Ins. Co.,* 321 P.3d 855, 857 n. 3 (Nev.2014) (emphasis added).

[17] In an unpublished opinion, the Ninth Circuit confirmed that "[a]ny right to relief for . . . alleging [a] violation of the Nevada Insurance Code resides exclusively with the Insurance Commissioner" and that there is "no private right of action related to the regulatory requirements for insurers in Nevada." *Weaver v. Aetna Life Ins. Co.*, 370 F. App'x 822, 823-24 (9th Cir. 2010).